Merrimack,
June 4, 1935.

LILA HOWE *v.* HENRY J. HOWE & a.

*Peter J. King, Laurence I. Duncan* and *Robert W. Upton* (*Mr. Duncan* orally), for the plaintiff.

*Murchie, Murchie & Blandin* (*Mr. Alexander Murchie* orally), for the defendant.

WOODBURY, J. There is nothing in the record to indicate that the plaintiff was guilty of any act of personal negligence which caused or contributed to cause the accident in which she was injured. The defendant, nevertheless, argues that she and her husband were engaged in a joint enterprise at the time of the accident, that each had an equal right to the control of the car, and so: "Being guilty of actual participation in the act causing injury, even to [herself], [she] . . . is precluded because of [her] . . . contributory negligence from recovering from . . . [her] co-actor." The soundness of this doctrine, and, if sound, its applicability to the facts of the case in hand, are both open to serious question. However, discussion of the doctrine and its applicability is not invited because the defence of contributory negligence is not now open to the defendant. As to it, that matter is *res adjudicata.*

The defendant had seasonable notice of the pendency of the action at law and was requested to assume its defence. This it declined to do, electing to disclaim coverage rather than to have that issue determined in advance of trial in the manner suggested in *Sauriolle* v. *O'Gorman,* 86 N. H. 39, 49. Under these circumstances it is bound by the judgment in that action as to issues which were, or might have been litigated therein (*Morin* v. *Insurance Co.,* 85 N. H. 471), and the issue of the plaintiff's care is one of those issues. *Gregg* v. *Company,* 69 N. H. 247; *Hubbard* v. *Gould,* 74 N. H. 25.

The issue here presented is not the validity of that judgment, but whether or not the defendant, under the terms of its policy, is obligated to pay it.

One of the defences on this issue is that of fraud. The defendant contends that the plaintiff, in having her husband as well as herself named as the assured, misled the defendant as to the true title to the

car. The answer to this contention appears in the findings of the court. He found that: "In applying for the policy Mr. and Mrs. Howe made no intentional misrepresentation as to the ownership of the Buick automobile, and as to all representations made acted honestly and in good faith." He also found that the policy was issued with full knowledge on the part of the defendant's agent as to the true situation in regard to the title to the car. These findings are amply supported by the evidence and effectually dispose of this defence. Hening, N. H. Digest, Tit., Insurance, 839.

Furthermore, it was of no consequence that the husband's name appeared in the policy. By virtue of Laws 1927, c. 54, and the "omnibus clause" inserted in the policy in accordance therewith, he was an insured in fact when operating the car with his wife's consent. That he was also an assured in name did not in any way alter the situation so far as the facts of this case are concerned. Naming him in the policy only extended coverage to him when operating without his wife's consent, but that is not the situation here presented.

The defendant's second ground of defence is that the plaintiff's husband, not having any title to the car, did not have an insurable interest. This contention is without merit. Although the person insured by a policy of fire insurance must have some interest in the property covered, it does not follow that such a requirement exists as to a contract of liability insurance. The character of these two types of insurance is quite different. The plaintiff's husband, although without any title to the car, stood to suffer loss by the occurrence of the event insured against, that is, injuries to others due to his negligent operation thereof. This is enough to give him an insurable interest under a liability policy. *Commonwealth Casualty Co.* v. *Arrigo,* 160 Md. 595.

The principal ground of defence is based upon the ruling of the court that, as a matter of law, "It was not within the contemplation of the parties when this policy was written that the benefits under the policy would be available to the named assured in the event that she were injured through the negligence of another named assured, and that such was not the purpose and intent of the Legislature in its enactment of Chapter 54, Laws of 1927." This ruling of law as to the contemplation of the parties and the intent of the legislature is erroneous. What their contemplation or intention was is to be determined by reference to the words which they used and those words are clear and unequivocal. The defendant, in accordance with Laws 1927, c. 54, agreed to indemnify the plaintiff's husband,

Henry J. Howe, an assured by virtue of the "omnibus clause," against loss by reason of the liability imposed by law upon him for damages on account of "Bodily injuries and/or death to any person or persons," except employees of the insured "who are entitled to payments or benefits under the provisions of any workmen's compensation act." Clearly, the plaintiff is not a member of the class of persons who are excepted from the benefits of the insurance, and the familiar canon of construction expressed in the maxim, *expressio unius est exclusio alterius*, forbids an interpretation of the policy which would create another such class. The plaintiff, although a named assured, is a person within the meaning of the general words of coverage quoted above, and we believe that it was the intention of the legislature and of the contracting parties to include her within the coverage, because had it been intended to exclude coverage for bodily injuries to a named assured, appropriate words of exclusion could readily have been used. In fact, this is precisely what was done both in the statute and in that clause of the policy which gave coverage for property damage. The statute requires coverage only "for damage to property of others" and the policy expressly excludes the property of the assured. In the light of this express language it seems inconceivable that a like limitation in respect to bodily injuries, had it been intended, would not have been similarly expressed.

The clause in the policy which requires that the assured render to the insurer "all co-operation and assistance in his power," does not militate against the construction of the policy above adopted because it is evident from the context in which the words of cooperation and assistance are used that they are only meant to apply, in fact, they only have sensible meaning, when the assured is a defendant and when the insurer has assumed the defence. Furthermore, the above interpretation of the statute forbids any interpretation of the coöperative clause in the policy which would prevent recovery by a named assured because such an interpretation of it would permit the policy to limit the scope of the statute.

*Judgment for the plaintiff.*

All concurred.