RALPH E. JENKINS
AND
ROBERT S. BANKS
D/B/A GENERAL MODERNIZING CO.
*vs.*
HARDWARE MUTUAL CASUALTY CO.

Cumberland.   Opinion, January 12, 1957.

*Raymond S. Oakes*
*Robert Milliken,* for plaintiff.

*Robinson, Richardson & Leddy,* for defendant.

SITTING: WEBBER, BELIVEAU, SULLIVAN, DUBORD, JJ. WIL-
LIAMSON, C. J., and TAPLEY, J., did not sit.

WEBBER, J. This was a bill in equity in which the plaintiff Jenkins, a judgment creditor, sought to reach and apply the proceeds of a liability policy as provided by R. S. 1954, Chap. 60, Secs. 302 and 303. The policy was issued by the defendant insurance company to the plaintiff Banks, the judgment debtor. Banks as plaintiff sought to recover his expenses incurred in defending the original action brought against him by Jenkins. The justice below dismissed the bill and the matter is before us on appeal.

On December 1, 1950 Jenkins suffered personal injuries while doing work for Banks. He brought suit, charging Banks with negligence. The declaration in the tort action is not a part of the record here. However, when notice of the suit was given to the defendant, its counsel took the position that Jenkins as plaintiff was asserting a relationship of master and servant as between him and Banks, and that the policy would not cover injury to an employee. Accordingly, the assured Banks employed counsel who conducted the defense. Upon the first trial, a verdict was directed for the then defendant Banks and the case was reviewed by the Law Court upon exceptions. By stipulation the opinion which appears in 147 Me. 438 was made a part of the record in this case. On page 439, the opinion states, "The plaintiff claims that the relationship existing between the defendant (Banks) and himself was that of master and servant. The defendant claims that the plaintiff and those working with him were independent contractors." And on page 443, the following appears, "There was sufficient evidence in this case if the issues of fact be resolved in favor of the plaintiff to justify a verdict in his favor, whether the relationship between him and the defendant was that of master and servant or that of independent contractor and contractee." The exceptions were sustained and a new trial ordered. Upon the second trial the plaintiff obtained a verdict. The verdict was general and, in the light of the lan-

guage of the opinion quoted above, left unresolved the issue as to whether the plaintiff was an employee or an independent contractor.

This issue as to the status of the plaintiff Jenkins has now, however, been resolved by the pleadings in the case before us. In the second paragraph of the bill, the plaintiffs allege the personal injury to Jenkins "while employed by said Banks * * * as an applicator affixing shingles for said Banks * * *." This allegation is admitted by the defendant insurance company. In the third paragraph of the bill it is alleged that Banks "was insured by said defendant against such liability, to wit for injuries to employees." This allegation was denied. There is no allegation that plaintiff Jenkins was an independent contractor. There is no qualification or clarification of the words "employed" or "employees" such as would suggest that they were intended to be synonymous with "independent contractor" or the equivalent thereof. The language employed in the bill was used with full awareness of the importance of the status of Jenkins. In fact, in paragraph 7, the bill alleged that the defendant company "has stated to said plaintiff Banks * * * that said policy does not cover the employment and accident of said plaintiff Jenkins." The language used in the allegations of the bill is plain and unambiguous and ordinarily imports a relationship of master and servant. That such was the intended meaning is entirely consistent with the position taken by plaintiff Jenkins from the inception of the controversy. As noted above, his contention in the original suit was that his status was that of servant to the master Banks. We conclude that the pleadings have effectively removed the status of Jenkins from the realm of controverted issues. The policy introduced into evidence contains the following exemption from coverage, "This policy does not apply * * * to bodily injury to * * * any employee of the insured while engaged in the employment of the insured, or any obligation for

which the insured or any company as his insurer may be held liable under any workmen's compensation law." The policy as written, therefore, clearly excludes the right of the employee Jenkins to reach and apply the proceeds in satisfaction of his judgment.

Apparently anticipating such a result, the plaintiffs have inserted other allegations which in substance assert (1) that the defendant company with knowledge of the status of Jenkins agreed to issue a policy which would cover such a situation as is here presented, and (2) undertook the defense and by its conduct waived the right to rely upon non-coverage. Neither party offered any evidence dealing with the status of Jenkins at the time of the accident or the circumstances under which the injury was received. All of the evidence from both sides dealt with the circumstances under which the policy was written and with the conduct of the insurer with relation to the defense of the original action brought by Jenkins against Banks.

It is clear that prior to May 31, 1950 Banks was an assenting employer under the Workmen's Compensation Act and carried insurance therefor in usual form with defendant company. Sometime in the spring of 1950, Banks at the suggestion of his accountant sought and obtained from the Bureau of Internal Revenue a ruling that persons who, like Jenkins, were employed by him as applicators did not fall within the category of employees for purposes of federal taxation. Banks was thereby relieved of his liability for payroll taxes on his applicators. There is no suggestion that the relationship between Banks and his applicators had in any way changed, especially with reference to the control and direction exercised by Banks as to how the workmen should perform their tasks or as to the right of Banks to employ and discharge the applicators. These elements ordinarily determine whether the relationship is that of master and servant or independent contractor and contractee.

*Lunt et al.* v. *Fidelity & Casualty Co.*, 139 Me. 218, 224. It seems reasonable to infer that Banks felt that his insurance coverage should be consistent with his representations to the Bureau of Internal Revenue. Accordingly, Banks informed the defendant company that he would not continue compensation insurance. There was discussion as to what form of substitute insurance should be written. The evidence is in conflict as to what was said and as to what the parties understood was to be done. In any event the workmen's compensation policy was discontinued as it pertained to applicators and the policy now in issue and which excludes employees was written and issued. The plaintiffs have prayed for reformation of the policy contract to afford coverage to Jenkins. In this connection the findings of the justice below stated, "There are no grounds established requiring reformation of the policy. As stated, in my opinion the policy covered Jenkins as an independent contractor, but not as an employee. As an applicator, he was one or the other within the intention and understanding of the insured and insurer in writing the policy. There was no mistake in the exclusion of employees from coverage. It was not intended that the policy give the same coverage as a workmen's compensation policy, for example." There is ample evidence to support the finding.

The plaintiffs contend that by its conduct the defendant insurer has waived the right to contest coverage. The defendant did not undertake the defense without reservation of the right to contest coverage. Such conduct may work an estoppel. *Colby, Pro Ami* v. *Insurance Co.*, 134 Me. 18. On the contrary, the defendant's counsel raised the question of coverage on first inspection of the declaration and thereafter took no part in defense of the action. Other counsel then employed by the insured then took over preparation and trial and conducted all the proceedings to the point of final judgment. On this issue, the justice below correctly

found that "The insurer lost no rights by waiver or estoppel through its activity in defense to the time of denial of coverage."

If plaintiff Banks has a valid claim against the defendant for expenses incurred in defense of the action brought by Jenkins, his remedy therefor is at law and not in equity. The statute under which this bill is brought is not designed to afford to the insured the requested relief.

The entry will be

*Appeal denied.*

*Decree below affirmed with additional costs.*