Blaine MARSTON

v.

MERCHANTS MUTUAL INSURANCE
COMPANY.

Supreme Judicial Court of Maine.

May 3, 1974.

Broderick & Aiken, by Richard H. Broderick, Lincoln, Paine, Lynch, Weatherbee & Kobritz, by Peter M. Weatherbee, Bangor, for plaintiff.

Albert H. Winchell, Jr., Bangor, for defendant.

Before DUFRESNE, C. J., and POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

POMEROY, Justice.

A judgment for the defendant entered by a Justice of the Superior Court sitting without jury has occasioned this appeal.

We deny the appeal.

The defendant-appellee is an insurance company which had written a policy of liability insurance to provide liability coverage for William F. Tash, Jr.

No issue is raised but that the policy was, at all times material hereto, in full force and effect.

William F. Tash, Jr., was at the time of the birth of this litigation the owner and operator of a licensed beer parlor known as *"The Cozy Corner"* in Howland, Maine.

On May 26, 1971, the plaintiff was a patron in *"The Cozy Corner"* and while there he received serious personal injuries on the premises. In June of that year he brought suit against Tash, who was also known as Frank Tash, in an effort to recover damages for the personal injuries he received.

In his complaint against Tash plaintiff-appellant alleged that,

"3. At said time and place one John Bernard of said Howland, County of Penobscot, State of Maine, was also a patron on Defendant's premises and the Defendant did then and there negligently wrongfully and unlawfully sell intoxicating liquors to the said John Bernard who was then and there visibly intoxicated on said premises and the said Defendant did then and there continue to sell such intoxicating liquors to the said John Bernard and did thereby further contribute to his, the said John Bernard's, state of intoxication, after the said John Bernard had imbibed to such an extent as to become obstreperous, boisterous and prone to violent action, of which Defendant had notice and knowledge.

"4. At said time and place the Plaintiff was lawfully sitting in Defendant's establishment and as a direct result of the Defendant's negligence and violation of law as hereinbefore alleged the said John Bernard did suddenly and without warning strike the Plaintiff in the face and the Plaintiff thereby sustained the injuries hereinafter alleged.

"5. The negligence of the Defendant and his violation of law in addition to that hereinbefore alleged consisted of:

(a) Selling intoxicating liquor to John Bernard at a time when John Bernard was visibly intoxicated and thereby causing the said John Bernard to become further intoxicated, Defendant well knowing the said John Bernard and the reaction of intoxicating liquors upon him and that the conduct of John Bernard while intoxicated might result in harm to other patrons of Defendant.

(b) Failure to adequately supervise the Defendant's premises and to control John Bernard and to prevent him from the conduct resulting in injury to the Plaintiff.

(c) Failure to warn Plaintiff of the hazard then and there existing or to take other steps for Plaintiff's protection."

The policy of insurance issued to Tash by appellee contained a provision that the insurance did not apply:

" * * * to bodily injury or property damage for which the insured or his indemnitee may be held liable, as a person or organization engaged in the business of manufacturing, distributing, selling, or serving alcoholic beverages or as an owner or lessor of premises used for such purposes, by reason of the selling, serving or giving of any alcoholic beverage

(1) in violation of any statute, ordinance or regulation

(2) to a minor,

(3) to a person under the influence of alcohol, or

(4) which causes or contributes to the intoxication of any person;"

Clearly intended to be excluded by this provision is liability of the policyholder arising by virtue of the provisions of 17 M.R.S.A. § 2002, commonly known as the "Dram Shop Act."

In the action by appellant against Tash exemplary damages were sought and 17 M.R.S.A. § 2002 was specifically cited as the basis for the claim of right to damages, including exemplary damages.

Upon receipt of the complaint and summons in the case of Marston v. Tash, the appellee-insurer expressly denied coverage and cited the exclusionary clause above mentioned as its authority for such disclaimer.

No defense was entered by Tash.

A default judgment was entered in favor of the plaintiff for $7,524.14.

In this present action the appellant invokes 24–A M.R.S.A. § 2904 as the vehicle to reach and apply the proceeds of the policy of public liability insurance issued by appellee to Tash. This section gives a right of action to a final judgment creditor of the insured to reach and apply the insurance money,

" . . . if when the right of action accrued, the judgment debtor was insured against such liability and if before the recovery of the judgment the insurer had had notice of such accident, injury or damage." (Emphasis supplied)

It is conceded that the insurer-appellee had notice of the injury before the recovery of the judgment against Tash.

The ultimate issue then becomes: was the judgment-debtor (Tash) insured against the liability on which the judgment was based at the time the cause of action accrued against him in favor of appellant Marston?

The threshold question becomes: is 24–A M.R.S.A. § 2904 available to a judgment creditor whose cause of action is based on liability arising out of an activity other than the operation of an automobile?

Section 2903 of 24–A M.R.S.A. provides in part:

"The liability of every insurer which insures any person against accidental loss or damage on account of personal injury or death or on account of accidental damage to property shall become absolute whenever such loss or damage, for which the insured is responsible, occurs."

It is noted the available defenses described in Sec. 2904 are:

(1) Motor vehicle operated illegally or by one under age,

(2) Motor vehicle used in race contest.

(3) Motor vehicle used for towing a trailer.

(4) Liability assumed.

(5) Liability under workmen's compensation.

(6) Fraud or collusion.

The reach and apply statute appears in the chapter which bears the title "Casualty Insurance Contracts." It is sandwiched between uninsured motor vehicle coverage

(Sec. 2902) and Sec. 2907 which relates to "all contracts of motor vehicle casualty insurance."

While unquestionably the *"reach and apply"* statute came into being with the advent of the automobile and the consequent increase in the amount of liability insurance, that it has application to policies insuring against liability for personal injuries, however caused, has been tacitly assumed by this Court in Jenkins v. Hardware Mutual Casualty Co., 152 Me. 288, 128 A.2d 852 (1957) and by other Courts. *Cf.* Coleman v. New Amsterdam Casualty Co., 247 N.Y. 271, 160 N.E. 367 (1928), Georgia Casualty Co. v. Boyd, 34 F.2d 116 (9th Cir. 1929)[1] (applying California statute).

■ Although we have not previously taken occasion to declare so expressly, we now hold Maine's *"reach and apply"* statute is available under any policy of casualty insurance and is not confined to automobile liability insurance policies.

■ It is well established not only in Maine, Jenkins v. Hardware Mutual Casualty Co., supra, but in other states as well, Fessenden School, Inc. v. American Mut. Liability Ins. Co., 289 Mass. 124, 193 N.E. 558, 561 (1935) and Schurgast v. Schumann, 156 Conn. 471, 242 A.2d 695 (1968), that the determination of the question whether the insurer has a duty to defend the action depends upon whether the complaint in that action states facts which appear to bring the claim of damage within the policy coverage.

■ Where a complaint in an action against one to whom a policy of liability insurance has been issued states different causes of action or theories of recovery against the insured and one such cause is within the coverage of the policy but others may not be within such coverage the

insurer is bound to defend with respect to those which if proved are within the coverage. See Lee v. Aetna Casualty and Surety Co., 178 F.2d 750 (2d Cir. 1949).

■ It is also well established that an insurer who had reasonable notice of the pendency of an action by the injured person against the insured and was requested to assume its defense but declined to do so electing to disclaim coverage, is bound by the judgment in that action as to issues which were or might have been litigated therein in a subsequent suit by the injured person for recourse to the policy. Howe v. Howe, 87 N.H. 338, 179 A. 362 (1935).

■ This means at least that in any action in which there is an allegation in the complaint which would establish liability within the coverage of the policy even though there are other allegations as to liability outside the coverage of the policy, a general verdict with no special findings of fact is binding on the insurer as to its liability under the insurance policy.

Conversely, of course, in any case where there is no allegation in the complaint which could establish liability within the coverage of the policy and the judgment is clearly based on allegations as to liability without the coverage of the policy, there is no liability on the insurer in a suit by the injured person for recourse to the policy.

■ We must look to the complaint in the suit of Marston v. Tash to determine whether there is any allegation therein which if proved would establish liability within the coverage of the policy.

We have carefully examined this complaint and find no such allegation.

In his brief plaintiff argues that paragraph 5(c), to wit: "Failure to warn plaintiff of the hazard then and there existing or to take other steps for Plaintiff's

---

1. For interesting discussion of the history of 24-A, M.R.S.A. Sec. 2904, see Camire v. Commercial Ins. Company, 160 Me. 112, 198 A.2d 168 (1964). See also f. n. 66, "Maritime Personal Injury in the New England Fishery," 23 Me.L.Rev. #2, p. 463,472 (1971). See also 46 Harv.L.Rev. 1325, n. 27–28.

protection," is an allegation of negligence and thus an allegation of a basis for liability within the coverage of the policy.

We cannot so read the complaint.

We conclude that all the allegations in the complaint allege only a Dram Shop Act violation. This becomes abundantly clear when paragraphs 5(a), (b) and (c) are read as a whole.

The Justice below reached the only conclusion possible under the circumstances.

The entry must be,

Appeal denied.

WEATHERBEE, J., did not sit.

All Justices concurring.