**DONNA C.**

v.

**Nicholas KALAMARAS.**

Supreme Judicial Court of Maine.

Argued May 7, 1984.

Decided Dec. 5, 1984.

Berman, Simmons & Goldberg, P.A., Paul F. Macri (orally), Jack H. Simmons, Lewiston, for appellant, Medical Mut. Ins. Co.

Monaghan, Leahy, Hochadel & Libby, Thomas F. Monaghan, Deborah Ross, Portland, for plaintiff, Donna C.

Preti, Flaherty & Beliveau, Mary P. Mitchell (orally), Portland, for appellee.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

ROBERTS, Justice.

Medical Mutual Insurance Company appeals from a Superior Court denial of its motion to intervene in this action. The complaint alleges battery, infliction of emotional distress, and medical malpractice. Medical Mutual, Dr. Kalamaras's professional liability insurer, has undertaken his defense but also seeks to participate as a party to protect its interest in establishing whether the basis for liability is covered by Kalamaras's policy. We affirm the Superior Court's denial of intervention.

### I.

We first decide that the denial of a motion to intervene pursuant to M.R.Civ.P.

24, although interlocutory in the underlying action, may be appealed by the movant. In *Brown v. Zoning Bd. of Appeals of the Town of Hampden*, 391 A.2d 348 (Me. 1978), we reached the substantive issues presented by the intervention denial, although we did not expressly declare the appealability of the denial. We are also persuaded by the established federal rule that the movant may appeal from the denial of intervention as of right, *see* Fed.R. Civ.P. 24(a).

Kalamaras argues that, although denial of intervention of right may be appealable, denial of permissive intervention is not, according to the federal rule, *see* Fed.R. Civ.P. 24(b); *see also* M.R.Civ.P. 24(b). He asserts that the basis for this is the difficulty and frequent futility in reviewing a discretionary decision. We fail to see the value of this distinction and embrace the reasoning of an increasing number of federal courts that no longer distinguish between the appealability of motions pursuant to Rules 24(a) and 24(b). *See* 9 J. Moore, *Federal Practice* § 110.13[7] (2d ed. 1983); 7A C. Wright & A. Miller, *Federal Practice and Procedure* § 1923 (1972).

## II.

■ In concluding that the Superior Court properly denied the motion, we first agree that Medical Mutual did not satisfy the requirements for intervention of right under Rule 24(a). Rule 24(a) allows intervention when an applicant claims an interest relating to the transaction which is the subject of the litigation and asserts that disposition of the action may, as a practical matter, impair his ability to protect that interest. Intervention will then be permitted, unless existing parties can adequately represent the intervenor's interest. We need not determine whether the latter two requirements are satisfied because Medical Mutual does not claim an interest relating to the transaction which is the subject of the litigation.

The Second Circuit recently considered whether a general liability insurer had a right to intervene in an action against its insured. In *Restor-A-Dent Dental Laboratories, Inc. v. Certified Alloy Products, Inc.*, 725 F.2d 871 (2d Cir.1984), the complaint alleged breach of contract and warranty of merchantability and fitness for the delivery of an allegedly defective alloy for use in dental products. The insurer asserted that its policy covered only "property damage" and not loss of profits, good will, or accounts, additional labor costs, production time, or overhead. These allegedly non-covered items constituted about 90% of Restor-A-Dent's $2,000,000 demand. The insurer sought to intervene in order to submit written interrogatories to the jury in the event of a general verdict. The court held that the insurer did not have the necessary interest in the action. It noted that the transaction which was the subject matter of the litigation was the delivery of allegedly defective goods. The insurer's interest, however, was in how much it would have to pay if Restor-A-Dent won, that is, how much of the award would be attributable to damages contemplated by the policy. In addition, the insurer's interest was not direct but was contingent, first, upon a jury verdict for Restor-A-Dent and, second, upon a finding in coverage litigation as yet uncommenced. The court ruled, therefore, that the insurer did not have an interest in the subject matter of the action. 725 F.2d at 874–76.

We find the *Restor-A-Dent* analysis to be persuasive. Here, the transaction which is the subject matter of the lawsuit is Dr. Kalamaras's battery and alleged medical malpractice upon the plaintiff, Donna C. Medical Mutual's interest is in how much of any future award of damages may be attributable to conduct for which it has insured Dr. Kalamaras. Further, as in *Restor-A-Dent*, this interest is not direct but is contingent upon a jury verdict against Dr. Kalamaras and also upon determination of coverage questions. Thus, Medical Mutual does not have an interest relating to the subject of the action as required by Rule 24(a).

Because we have stated that Medical Mutual's interest is contingent upon a later coverage action, we feel compelled to specifically address Medical Mutual's argument concerning the effect of a verdict in this action upon its position in any subsequent litigation. Medical Mutual argues that it will be precluded from later contesting coverage under its policy, citing *Marston v. Merchants Mutual Ins. Co.*, 319 A.2d 111 (Me.1974), for the proposition that a general verdict without special findings of fact is determinative of an insurer's subsequent liability for indemnification. This assertion takes *Marston* beyond the facts and holding of that case. Further, such an interpretation is contrary to our more recent holdings in *Travelers Indemnity Co. v. Dingwell*, 414 A.2d 220 (Me. 1980), and *American Policyholders' Ins. Co. v. Cumberland Cold Storage*, 373 A.2d 247 (Me.1977).

*Marston* involved a reach and apply action against the public liability insurer of a tavern owner. The complaint alleged several bases for liability and sought damages for personal injury inflicted by an intoxicated patron. The insurer refused to defend, and denied coverage based upon a policy clause excluding coverage for liability incurred by the tavern owner in his capacity as a purveyor of alcoholic beverages or in violation of the "Dram Shop Act," 17 M.R.S.A. § 2002 (1983). A default judgment had been entered against the insured. We affirmed the judgment and held that, because no allegation of the complaint, if proved, would establish liability within the coverage, the insurer was not bound to defend the action nor was there any liability of the insurer under the policy. 319 A.2d at 114-15.

In reaching this conclusion, we noted that the duty to defend exists even if only one of several allegations in the complaint would, if proved, fall within the coverage. We then observed that, where an insurance company refuses to defend, disclaiming coverage, it will be bound "by the judgment in that action as to issues which were or might have been litigated [in that action] in a subsequent suit by the injured person for recourse to the policy." 319 A.2d at 114. We cited a case in which the New Hampshire Supreme Court refused to allow an insurer to assert the plaintiff's contributory negligence as a defense in a later suit on the policy, after the insurer had refused to defend and a default judgment had been entered, *see Howe v. Howe*, 87 N.H. 338, 179 A. 362 (1935). We stated that where

there is an allegation in the complaint which would establish liability within the coverage of the policy ..., a general verdict with no special findings of fact is binding on the insurer as to its liability under the insurance policy.

319 A.2d at 114. We concluded that, "conversely," where no allegation of the complaint fell within the coverage and the "judgment is clearly based on allegations ... without the coverage of the policy," there was no liability on the part of the insurer. *Id.*

In the context of the present case, our reasoning in *Marston* cannot rationally be interpreted as meaning that a general verdict will preclude the insurer from later litigating its coverage questions. First, *Marston* involved an insurer who refused to defend, unlike Medical Mutual, and is limited to that context. Second, such an interpretation would make both the duty to defend and the duty to indemnify dependent solely upon whether any allegations of the complaint fell within the coverage. In *Dingwell* and in *Cumberland Cold Storage* we expressly applied that rule only to the duty to defend. We reject Medical Mutual's interpretation of *Marston* even though, in the absence of special findings of fact, our decision may necessitate a second trial on the duty to indemnify. We conclude, therefore, that Medical Mutual's interest in the present litigation does not mandate its intervention of right.

■ Finally, we find no abuse of discretion in the denial of permissive intervention under M.R.Civ.P. 24(b). Medical Mutual does not seek intervention merely to re-

quest special findings from the jury after a general verdict, as did the insurer in *Restor-A-Dent*. Instead, Medical Mutual seeks to participate fully, examining and cross-examining witnesses, offering evidence, and so forth. Such participation goes beyond any protection necessitated even by the *Marston* dictum. It would involve simultaneous litigation of coverage issues with the underlying action, and raises serious questions of conflict of interest that we need not address here. On this record, the court was well within its discretion when it concluded that no common question of law or fact rendered intervention desirable in the face of potential confusion, delay, and the appearance of impropriety.

The entry is:

Judgment affirmed.

All concurring.