ESSEX INSURANCE COMPANY, Plaintiff,

v.

**LA KERMESSE FRANCO AMERICAINE, Arthur M. Conner and Cynthia L. Conner, Defendants.**

**Civil No. 96–144–P–C.**

United States District Court, D. Maine.

Dec. 17, 1996.

---

John S. Whitman, Richardson, Whitman, Large & Badger, Portland, ME, for Plaintiff.

Harry B. Center, II, Smith, Elliott, Smith & Garmey, Saco, ME, for Defendant La Kermesse.

Thomas E. Getchell, Troubh, Heisler & Piampiano, Portland, ME, for Defendants Arthur M. and Cynthia L. Conner.

*MEMORANDUM OF DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT*

GENE CARTER, Chief Judge.

Plaintiff Essex Insurance Company brought this declaratory judgment action seeking a declaration that it does not owe a duty to defend or indemnify Defendant La Kermesse Franco Americaine (La Kermesse) pursuant to a commercial general liability insurance policy in a suit brought in the Maine Superior Court by Defendants Arthur M. and Cynthia L. Conner. The Court now has before it Plaintiff's Motion for Partial Summary Judgment requesting the Court to declare that it has no duty to defend La Kermesse against any of the claims brought by the Conners. (Docket No. 5). The Court

concludes that Essex is obligated to defend La Kermesse on the claims brought by Arthur M. Conner and the loss of consortium claims by Cynthia L. Conner. Therefore, the Court will grant in part, and deny in part, Essex's Motion for Partial Summary Judgment.

There is no dispute as to the salient facts on the Motion for Partial Summary Judgment. The Amended Complaint in the Conner lawsuit alleges that on June 24, 1994, Mr. and Mrs. Conner attended a festival known as La Kermesse in Biddeford, Maine. The Amended Complaint further alleges that each of them suffered injuries at the hands of "agents or employees" of La Kermesse Franco Americaine. Mr. Conner's alleged injuries were the result of some sort of altercation with, and subsequent restraint by, "agents or employees" of La Kermesse. In the underlying Amended Complaint, Mr. Conner has sought damages for injuries resulting from negligence (Count II), false imprisonment (Count IV), and assault and battery (Count V) at the hands of agents or employees of La Kermesse. Mrs. Conner seeks damages for loss of consortium (Counts III an VI) derivative of Mr. Conner's negligence and assault and battery claims. In addition, Mrs. Conner complains that she sustained injuries when she was struck by a golf cart negligently driven by an agent or employee of La Kermesse (Count I).

The Maine Law Court has stated that "[t]he scope of a duty to defend is determined by 'comparing the provisions of the insurance contract with the allegations in the underlying complaint. If there is *any* legal or factual basis that could be developed at trial, which would obligate the insurer to pay under the policy, the insured is entitled to a defense.'" *Burns v. Middlesex Ins. Co.,* 558 A.2d 701, 702 (Me.1989) (quoting *J.A.J., Inc. v. Aetna Casualty and Surety Co.,* 529 A.2d 806, 808 (Me.1987)) (emphasis in original). "The correct test is whether a *potential* for liability within the coverage appears from whatever allegations are made." *Travelers Indemn. Co. v. Dingwell,* 414 A.2d 220, 226 (Me.1980) (emphasis in original).

■ In *Travelers,* the Law Court stated that because "precision" is not required in a complaint, it is not necessary for determining a duty to defend. *Id.* Rather, a duty to defend may arise from a "broad, conclusory allegation, such as negligence, which does not include specific factual allegations." *Id.* That the allegations need not include specific facts that are unequivocally within the coverage accords with the requirement of M.R.Civ.P. 8(a)—that a plaintiff's complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 225. Even a complaint which is legally insufficient to withstand a motion to dismiss gives rise to a duty to defend if it shows an intent to state a claim within the insurance coverage. *Id.* at 226 (citation omitted).

## I. Mrs. Conner's Negligence Claim

■ With regard to Mrs. Conner's negligence claim, the parties have stipulated to the fact that Mrs. Conner was hit by a "motorized" golf cart. Stipulation (Docket No. 17). The liability policy includes an endorsement which excludes from coverage "loss or injury resulting from aircraft, passenger carrying balloons, automobiles, motorized vehicles of any type, animals or animal rides, trampolines or mechanically operated amusement devices." Complaint (Docket No. 1) Ex. A Insurance Policy Endorsement 213(6). The Court finds that Mrs. Conner's alleged injury resulted from a physical encounter with a "motorized vehicle." Such an encounter is explicitly excluded from coverage under the policy. Therefore, Essex has no duty to defend this claim.

■ Essex contends that it has no duty to defend against any of Mr. Conner's tort claims or either of Mrs. Conner's derivative loss of consortium claims. On each claim, Essex makes a distinct argument regarding why that claim is not covered under the liability policy. The Court will first look at Mr. Conner's claim of negligence by agents or employees of La Kermesse. Specifically, Essex asserts that the exclusion for "Assault and/or Battery" in Combination Endorse-

ment 003[1] reaches the allegation of negligence because the exclusion applies where the claim results from the claimant's initial assault or battery or where those actions were taken in connection with the prevention or suppression of assault or battery.

In comparing the underlying complaint for negligence with the liability policy in the instant case, the Court finds that a potential for liability within the policy's coverage appears from the negligence allegations made by Mr. Conner. Mr. Conner's negligence claim simply states:

> On or about June 24, 1994, while attending the festival known as La Kermesse in Biddeford, Maine, Plaintiff Arthur M. Conner suffered personal injuries as a result of a physical struggle with agents or employees of the Defendant.

> The conduct of [La Kermesse's] agents or employees which proximately caused Plaintiff Arthur M. Conner's injuries was negligent in that they failed to exercise reasonable care for the safety of Plaintiff Arthur M. Conner.

Complaint (Docket No. 1) Ex. B Conner Complaint. Absent from the allegations is anything regarding who instigated the "physical struggle" or whether the actions were taken in connection with the prevention or suppression of an assault or a battery. Essex bases its argument of exclusion on alleged facts which are not included in the underlying complaint. The duty to defend is predicated solely on the allegation in the complaint, even when the insurer has knowledge of contrary facts. *Dingwell*, 414 A.2d at 227 ("If we were to look beyond the complaint and engage in proof of actual facts, then the separate declaratory judgment actions ... would become independent trials of the facts which the defendant would have to carry on at his own expense. Moreover,

once an inquiry begins into the actual facts, the insured will have already begun defending against liability, and the issue in respect to the insurer will be its ultimate duty to indemnify, not its duty to defend."). Thus, Mr. Conner's allegation of personal injuries resulting from negligence shows a potential that liability will be established within the insurance coverage.

Essex further contends that even if it does have a duty to defend Mr. Conner's negligence claim, its duty extends only to that claim and does not include the other tort claims which arise out of the same course of events. In other words, Essex argues that under no circumstances does it have a duty to defend on the other claims that arise out of the altercation involving Mr. Conner. La Kermesse disagrees.

In a declaratory judgment action such as this, the plaintiff insurance company's prayer for a declaratory judgment that it has no duty to defend must be denied if "the underlying complaint ... show[s], through general allegations, a possibility that the liability claim falls within the insurance coverage." *Union Mut. Fire Ins. Co. v. Inhabitants of Town of Topsham*, 441 A.2d 1012, 1015 (Me. 1982).[2] Contrary to Essex's position, the Court finds that it has a duty to defend on Mr. Conner's negligence claim. This finding requires Essex to defend La Kermesse on all of the claims which have their origin in the altercation between Mr. Conner and La Kermesse agents or employees.

This case must be contrasted with *Marston v. Merchants Mut. Insurance Co.*, 319 A.2d 111 (Me.1974), in which the Law Court found that the facts as alleged constituted a violation of the Dram Shop Act, which was outside the insurance coverage. *Marston* was not a declaratory judgment action, but a "reach and apply" suit brought against an

---

1. Combination Endorsement 003 which contains an exclusion for Assault and/or Battery provides:

   We do not cover claims, loss, cost, or expense rising out of Assault and/or Battery or out of any act or omission in connection with the prevention or supression of such acts, whether caused by or at the instigation or direction of any Insured, Insured's employees, patrons or any other person.

2. The dominant rule in other jurisdictions is that the insured has a right to a defense whenever the allegations show a potential that liability will be established within the insurance coverage, even when the allegations are broad and uncertain as to specific facts. *See, e.g., Lee v. Aetna Casualty & Surety Co.*, 178 F.2d 750 (2d Cir.1949); Annot., 50 A.L.R.2d 458, § 22 at 504, and § 24 at 506 (1956), and Later Case Service.

insurer by a final judgment creditor of the insured, pursuant to 24–A M.R.S.A. § 2904. The complaint alleged several bases for liability and sought damages for personal injury inflicted by an intoxicated patron. The insurer refused to defend, and denied coverage based upon a policy clause excluding coverage for liability incurred by the tavern owner in his capacity as a purveyor of alcoholic beverages or in violation of the "Dram Shop Act," 17 M.R.S.A. § 2002. A default judgment had been entered against the insured. The Law Court affirmed the judgment and held that, because no allegation of the complaint, if proved, would establish liability within the coverage, the insurer was not bound to defend the action nor was there any liability of the insurer under the policy. *Marston,* 319 A.2d at 114–15. *Marston* dealt only with allegations which were necessarily outside the insurance policy's coverage.

■ In the context of the instant case, *Marston* cannot be interpreted to support Plaintiff's proposition that an insurer is obligated to defend only the specific claim or claims that fall within the coverage of the policy. Indeed, the Law Court has, on a number of occasions, explicitly held otherwise. *See Gibson v. Farm Family Mut. Ins. Co.,* 673 A.2d 1350, 1353 (Me.1996); *Commercial Union Ins. v. Royal Ins. Co.,* 658 A.2d 1081, 1082 (Me.1995); *J.A.J., Inc. v. Aetna Casualty and Surety Co.,* 529 A.2d 806. In *J.A.J., Inc. v. Aetna Casualty and Surety Co.,* 529 A.2d 806, the Law Court found that if the complaint in the underlying action had alleged only that J.A.J., Inc., had violated the provisions of the Dram Shop Act and was without any allegation of common law negligence, the Defendant insurer would not have had a duty to defend because that cause of action would clearly have been excluded under the insurance policy. That is not, however, all that was alleged in the underlying complaint; the complaint went on to contain a more general allegation of negligence, unaffected by alcohol consumption. Ultimately, the Law Court held that the underlying complaint adequately set forth enough to invoke the insurer's duty to defend. *See also Donna C. v. Kalamaras,* 485 A.2d 222, 224 (Me. 1984) (Discussing *Marston* the court noted that "the duty to defend exists even if only one of several allegations in the complaint would, if proved, fall within the coverage."). The liability insurer has a duty to defend if the complaint shows any potential that the facts ultimately proved may come within the scope of coverage provided under the policy. *Lavoie v. Dorchester Mut. Fire Ins. Co.,* 560 A.2d 570, 571 (Me.1989); *Gibson v. Farm Family Mut. Ins. Co.,* 673 A.2d at 1353 (The Law Court found that because allegations in the underlying complaint included a possible claim within the coverage of the insurance policy, the insurer owed a duty to defend against the entirety of the lawsuits.). Since Essex must, under the terms of the policy, provide a defense to La Kermesse on the negligence claim, Essex is also obligated to defend La Kermesse against Mr. and Mrs. Conner's claims arising out of the altercation with La Kermesse agents or employees.

It is hereby *ORDERED* that Plaintiff's Motion for Partial Summary Judgment be, and it is hereby, *GRANTED* with respect to its duty to defend Mrs. Conner's claim for negligence (Count I) and *DENIED* with respect to its duty to defend Mr. Conner's tort claims (Counts II, IV, and V) and Mrs. Conner's loss of consortium claims (Counts III and VI). Accordingly, the Court *DECLARES* that Plaintiff is obligated to defend Defendant La Kermesse against the claims in the underlying Amended Complaint of Mr. Conner for negligence (Count II), false imprisonment (Count IV), and assault and battery (Count V) and Mrs. Conner for loss of consortium (Counts III and VI). The Court *FURTHER DECLARES* that Plaintiff is not obligated to defend Defendant La Kermesse against Mrs. Conner's claim for negligence in the underlying Amended Complaint (Count I).