ENTERED AUG 0 6 2014

STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-13-192
TDW-CUM-07-29-14

GANNESTON CONSTRUCTION
CORP.,

Plaintiff

v.                                                      ORDER

SURFACE CLEANING EXPERTS,
INC., d/b/a AUDETTE/S.C.E. Inc.

STATE OF MAINE
Cumberland, ss, Clerk's Office

JUL 29 2014

RECEIVED

Defendant

Defendant's insurer, Maine Street America Group/National Grange Mutual Insurance Co. (MSA), has moved to intervene in this action for the sole purpose of being heard with respect to the verdict form to be submitted to the jury. MSA contends that, depending on the basis of any recovery against defendant Audette, MSA may or may not have an obligation to indemnify Audette.

MSA may not intervene as of right. Donna C. v. Kalamares, 485 A.2d 222, 223-24 (Me. 1984). To the extent that MSA is merely requesting that the jury verdict form be sufficiently specific to illuminate the coverage issues, the Donna C. decision, 485 A.2d at 225, and the Second Circuit's opinion in Restor-A-Dent Dental Laboratories Inc. v. Certified Alloy Products Inc., 725 F.2d 871, 877 (2d Cir 1984), indicate that permissive intervention may be appropriate.

To the extent that MSA is only requesting that the jury make specific findings on issues which the jury in this action will necessarily have to consider anyway, the court will allow permissive intervention. Contrary to the arguments of the parties, MSA's motion to intervene is not too late because MSA only wishes to be heard on the jury

verdict form and MSA's role would not need to be disclosed to the jury and would not interfere with the trial.

The court has absolutely no intention, however, of asking the jury to make any findings or consider any issues that the jury would not otherwise have to consider and decide in adjudicating Ganneston's claims against Audette. MSA has not submitted the relevant insurance policy, and it is not clear that the coverage issues on which MSA wishes to be heard are issues which the jury will necessarily have to consider in order to decide whether Audette is liable for breach of contract, unjust enrichment, or negligence. By way of example, if MSA is seeking separate jury findings on each of Ganneston's three causes of action, the court will entertain MSA's request. If MSA is seeking any fact-finding not strictly necessary to decide Ganneston's claims, it is extraordinarily doubtful that the court will agree.

When the case appears on a trial list, therefore, counsel for MSA shall serve and file its proposed jury verdict form 10 days in advance of the first date in the trial term.

The entry shall be:

The motion to intervene is granted to the limited extent set forth above. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: July _29_, 2014

Thomas D. Warren
Justice, Superior Court

2

CLERK OF COURTS
Cumberland County
20' :wbury Street, Ground Floor
Portland, ME 04101


DOUGLAS STEERE ESQ
GETMAN SCHULTHESS & STEERE PA
1838 ELM STREET
MANCHESTER NH 03104

*Intervenors Attorney*


Portland, ME 04101


DONA FEENEY ESQ
FEENEY ROUSFEAU & FRAAS PLLC
225 BRIDGE STREET
MANCHESTER NH 03104

*Defendants Attorney*


PAUL KOZIELL ESQ
MORRISON GROUP
PO BOX
FREEPROT ME 04032

*Plaintiff's Attorney*