**HOME INSURANCE CO. et al.**

v.

**HORACE MANN INSURANCE CO.**

Supreme Judicial Court of Maine.

Argued Jan. 6, 1992.
Decided Feb. 21, 1992.

James D. Poliquin (orally), Daniel L. Cummings, Norman, Hanson & Detroy, Portland, for plaintiffs.

Theodore H. Irwin, Jr., Gregory Powell (orally), Friedman & Babcock, Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, and COLLINS, JJ.

McKUSICK, Chief Justice.

Plaintiffs Home Insurance Co. (Home) and Stacey Shibles appeal the summary judgment entered by the Superior Court (Cumberland County, *Fritzsche, J.*) in favor of defendant Horace Mann Insurance Co. (Horace Mann) in Home's action to recover uninsured motorist benefits as assignee of Stacey Shibles. The Superior Court ruled that the present action against Horace Mann is barred because of plaintiffs' failure to comply with notice requirements of Horace Mann's policy. We affirm the summary judgment.

Stacey Shibles, a student from Connecticut attending the University of Maine in Orono, suffered severe personal injuries in an accident on April 22, 1986, while she was riding on a motorcycle owned and operated by John McCall, an uninsured motorist. Shibles filed a complaint in the federal district court in Maine seeking tort damages from McCall and uninsured motorist benefits from her parents' automobile insurance carriers, Home and the Insurance Company of North American (INA). In December 1988, prior to trial, Home entered into a settlement agreement with Shibles providing for a structured award to her of $346,731. INA later paid Home $50,000 for a release of Home's claim of contribution against INA.

In April 1989, some three years after the accident and four months after Home settled with Shibles, its attorney wrote to Horace Mann demanding indemnification for Home's payment to Shibles. That letter was Horace Mann's first notice of Shibles' accident. Subsequently Home and Shibles commenced the present action against Horace Mann. The basis of their action is that Shibles' grandmother, with whom Shibles was temporarily residing in Orono at the time of the accident, had an automobile insurance policy with Horace Mann that provided for uninsured motorist coverage for "family members."

The record clearly shows that Shibles and Home failed to comply with the notice requirements of the Horace Mann policy. That policy required (1) that Horace Mann be given notice of an accident as soon as reasonably possible and also be given copies of all suit papers in any action brought against a person liable for damages, and further (2) that its consent be sought for any settlement. At no time did Shibles notify Horace Mann of the accident; the first notice it got came from Home's attorney about three years after the accident. Neither did Horace Mann receive any notice of Shibles' lawsuit against McCall, Home, and INA, or of the settlement agreements between Home and Shibles and between Home and INA.

Home contends that Horace Mann must show that it has been prejudiced by Shibles' and Home's failure to comply with Horace Mann's notice requirements. Assuming, without deciding, that Home is right in that contention, Home nonetheless does not establish that there is any genuine issue of material fact on the question of prejudice to Horace Mann. Home has presented no sworn evidence to contradict the evidence of prejudice from the late notice presented by Horace Mann in support of its motion for summary judgment. Home "has not set forth by affidavit, deposition, or other sworn evidence any 'specific facts showing there is a genuine issue' " on the prejudice question. *Dugan v. Martel,* 588 A.2d 744, 747 (Me.1991). On this record, it is beyond dispute that Horace Mann was prejudiced by the three-year delay by Home and Shibles in giving it notice. The late notice prevented Horace Mann from promptly investigating the accident and potential third party liability and from obtaining an independent medical evaluation of Shibles at critical stages. In addition, the settlement agreement between Shibles and Home, which made no express reservation of claims against tortfeasor McCall, created at least a litigable defense for him in any subrogation action that Horace Mann might bring against him. *See Norton v. Benjamin,* 220 A.2d 248, 253 (Me.1966).

The entry is:

Judgment affirmed.

All concurring.