**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff,**

**v.**

**Joseph LUCCA and Michael Charton, Defendants.**

Civ. No. 93–0082–B.

United States District Court, D. Maine.

Dec. 6, 1993.

Louise K. Thomas, Portland, ME, for plaintiff.

Peter S. Kelley, Caribou, ME, for Lucca.

Harold C. Hamilton, II, Bangor, ME, for Charton.

*ORDER MODIFYING THE RECOM-
MENDED DECISION OF THE MAG-
ISTRATE JUDGE ON PLAINTIFF'S
MOTION FOR SUMMARY JUDG-
MENT*

BRODY, District Judge.

This action arises from an October 1990 automobile chase in which Joseph Lucca pursued Michael Charton after an altercation between them. During this chase, Lucca's vehicle collided with Charton's vehicle twice. At the time of this incident, Lucca was insured by State Farm Mutual Automobile Insurance Company. State Farm brought the instant action seeking a declaratory judgment that it had no duty to defend or indemnify Lucca in an action brought by Charton.

In Counts I and II, State Farm asserts that it has no duty to defend or indemnify Lucca because Lucca breached his obligation to notify State Farm of the accident or of Charton's subsequent claim. State Farm now moves for summary judgment on Counts I and II "seeking a declaration that its contractual obligations to the Defendants in this case have been excused on account of Joseph Lucca's breach of the notice provisions of his ... policy with State Farm." (Pl.'s Mot. Summ.J. at 1.) The Magistrate Judge considered this motion and recommended that this Court grant State Farm's motion as to Lucca and deny the motion as to Charton. (Rec.Dec. at 8.) The Magistrate Judge also recommended that this Court enter summary judgment *sua sponte* in favor of Charton unless State Farm presents evidence relating to Maine's reach-and-apply statute. *Id.* State Farm and Charton filed objections to the Recommended Decision. This Court adopts the Recommended Decision issued by the Magistrate Judge as modified.[1]

I. Duty to Defend and Indemnify Lucca

■ This Court "shall make a *de novo* determination of those portions of the ... recommendations to which objection is made...." 28 U.S.C. § 636(b)(1) (emphasis added). Charton objects to the Magistrate Judge's finding that Lucca breached the notice provisions of the policy[2] and that State Farm was thereby irreparably prejudiced as a matter of law. In particular, Charton challenges the Magistrate Judge's determination that "a defendant is obligated to counter a plaintiff's evidence of prejudice with competent evidence of his own." (Rec.Dec. at 5, citing *Home Ins. v. Horace Mann Ins.*, 603 A.2d 860, 861 (Me.1992).) Charton asserts that the Magistrate Judge misconstrued Charton's evidentiary burden. (Mem.Supp. Def.'s Objections at 2.) The Court disagrees. The Maine Supreme Court recently held that a non-moving party in a summary judgment action who fails to contradict, by sworn evidence, the insurer's sworn evidence of prejudice, has failed to establish any genuine issue of material fact on the prejudice issue. *Home Ins.*, 603 A.2d at 861. Charton failed to provide any sworn evidence contradicting State Farm's evidence of prejudice. He failed therefore to generate an issue of material fact on the issue of prejudice.

■ Charton also contends that State Farm's evidence of prejudice, an affidavit of a State Farm investigator, is insufficient. First, Charton contends that statements Lucca made to the investigator that are contained in the affidavit are inadmissible hearsay. (Def.'s Mem.Supp. Objections at 3.) This contention is without merit. The statements, offered by State Farm against Lucca, are admissions by a party-opponent, and are therefore not hearsay. Fed.R.Evid. 801(d)(2). Charton also contends that the affidavit contains nothing but opinion and supposition. (*Id.*). The Court is satisfied that the affidavit adequately supports a finding that State Farm was prejudiced by the delay in notice as a matter of law. The

---

1. 28 U.S.C. § 636(b)(1) provides that this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."

2. Although Charton objects to the Magistrate Judge's finding that "Lucca failed to give reasonable notice to his insurance carrier," he provides no authority for this objection. (Def.'s Mem.

Supp. Objections to Rec.Dec. at 1). Charton also failed to raise or dispute this issue prior to the issuance of the Recommended Decision. (Def.'s Mem.Supp. Objections to Pl.'s Mot. for Summ. J.) This Court accepts the Magistrate Judge's finding that Lucca's failure to provide notice until 22 months after the incident breached the policy's notice requirements.

affidavit states that, although the incident occurred in October 1990, State Farm received no notice of it until August 1992. The affidavit also states that this delay made it impossible for State Farm to investigate either of the vehicles involved in the collision; to interview witnesses while their memories were fresh; or to do a prompt, independent medical examination of Charton. State Farm's investigator finally asserted that, based on his experience, State Farm's inability to perform these routine investigative tasks was prejudicial. Charton offered no contradictory evidence.

The Court accepts the Magistrate Judge's finding that Lucca's notice to State Farm was in breach of his contractual obligations and that this breach was prejudicial to State Farm as a matter of law. This finding supports the Magistrate Judge's recommendation that this Court grant summary judgment to State Farm against Lucca and declare that, as to Lucca, State Farm may avoid its duty to defend or indemnify. *See Ouellette v. Maine Bonding & Casualty Co.,* 495 A.2d 1232, 1235 (Me.1985) ("[T]o avoid either its duty to defend or its liability thereunder based on an insured's delay in giving notice, a liability insurer must show (a) that the notice provision was in fact breached, and (b) that the insurer was prejudiced by the insured's delay.").

II. Maine's Reach-and-Apply Statute

■ Lucca's breach of the policy's notice provisions and the resulting prejudice to State Farm, however, do not necessarily affect State Farm's liability to Charton under 24–A M.R.S.A. § 2904 (1990).

Section 2904 provides that:

Whenever any person ... recovers a final judgment against any other person for any loss or damage specified in section 2903,[3] the judgment creditor shall be entitled to have the insurance money applied to the satisfaction of the judgment by bringing a civil action ... against the insurer to reach and apply the insurance money, if when the right of action accrued, the judgment debtor was insured against such liability and *if before the recovery of the judgment the insurer had had notice of such accident, injury or damage.*

24–A M.R.S.A. § 2904 (1990) (emphasis added). Unlike State Farm's duty to defend or indemnify Lucca under Maine case law, State Farm's liability to an injured party under 24–A M.R.S.A. § 2904 is not automatically extinguished when the insured breaches the policy's notice provisions and the insurer is prejudiced as a result. *See* 24–A M.R.S.A. § 2904 (notice only required "before the recovery of the judgment"); *see also Michaud v. Mutual Fire, Marine & Inland Ins.,* 505 A.2d 786, 790 (Me.1986) (upholding judgment for an injured third party in a reach-and-apply action despite insured's failure to comply with policy's notice provisions).

In addition to § 2904's express requirement that notice must be supplied before the entry of a final judgment—which is easily satisfied in this case—the Maine Supreme Court has held that the notice provided to the insurer in a reach-and-apply action must also satisfy constitutional due process requirements. *Jacques v. American Home Assurance Co.,* 609 A.2d 719, 721 (Me.1992). Due process requires that notice be provided "at a meaningful time in the proceedings." *Michaud,* 505 A.2d at 790. The Court concludes that the notice provided to State Farm in the instant case was provided at a meaningful time in the case; no judgment has yet been entered against Lucca, and State Farm still has an opportunity to be involved in that action. *See id.* (holding that notice given to insurer "after the entry of default but prior to the hearing on damages and entry of default judgment constituted notice at a meaningful time"). Because State Farm could potentially be liable to Charton under §. 2904 as Lucca's insurer, the Court declines to declare that State Farm's obligations to Charton have been excused on

---

3. Section 2903 provides in relevant part that:
   The liability of every insurer which insures any person against *accidental* loss or damage on account of personal injury ... or on account of *accidental* damage to property shall become absolute whenever such loss or damage, for which the insured is responsible, occurs.
   24–A M.R.S.A. § 2903 (1990) (emphasis added).

account of Lucca's breach of the notice provisions of his policy with State Farm.

### III. *Sua Sponte* Summary Judgment in Favor of Charton

█ The Court agrees with State Farm that Charton is not entitled to summary judgment *sua sponte*. Although Lucca's breach of the policy's notice provisions does not preclude State Farm's liability under § 2904, State Farm is not automatically liable under that section. First, § 2904 provides a right of action only for a judgment creditor. 24–A M.R.S.A. § 2904. Charton has not yet received a final judgment against Lucca. Second, § 2904, together with § 2903, provides a right of action only to those who suffered loss or damage caused "accidental[ly]." 24–A M.R.S.A. §§ 2904 and 2903 (1990). There has been no determination that the damage caused in this incident was accidental.[4] Finally, § 2904 expressly excludes damage resulting "[w]hen [an] automobile . . . is being used in any race or speed contest" from coverage. 24–A M.R.S.A. § 2904. The parties' conduct may fall within this exclusion. For these reasons, the Court does not adopt the Magistrate Judge's recommendation that it grant, *sua sponte*, summary judgment in favor of Charton in this matter.

### IV. Conclusion

The Court accordingly *GRANTS* State Farm's Motion for Summary Judgment on Counts I and II of its action for declaratory judgment as against Defendant Lucca for his failure to comply with the notice provisions of the policy and the resulting prejudice to State Farm. The Court declines, however, to declare that Lucca's late notice affects any right of action potentially available to Charton pursuant to 24–A M.R.S.A. § 2904 and, therefore, *DENIES* State Farm's Motion for Summary Judgment as against Defendant Charton.

*SO ORDERED.*

4. In fact, State Farm asserts, in Count III of its Complaint, that it has no duty to indemnify Lucca for the incident because the damage was caused intentionally and not by accident as required by the policy.

### RECOMMENDED DISPOSITION OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

BEAULIEU, United States Magistrate Judge.

In this civil action, Plaintiff State Farm Mutual Automobile Insurance Company ["STATE FARM"] seeks declaratory relief with respect to its obligations to defend and indemnify Defendant Joseph Lucca pursuant to an automobile insurance police issued to Joseph Lucca for the period June 8, 1990 to December 8, 1990. It is undisputed that in October of 1990, Defendants Joseph Lucca and Michael Charton were operators of separate motor vehicles that collided on Route 1 in Monticello, Maine.

On November 20, 1991, Defendant Charton filed suit against Joseph Lucca and Diane Bergara, a passenger in the Charton vehicle in the Aroostook County Superior Court.[1] Defendant Lucca did not notify State Farm of the suit against him as a result of the automobile accident until August, 1992.

Plaintiff now moves for summary judgment on Counts I and II of its Complaint on the grounds that there is no genuine issue as to any material fact and that State Farm is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. Plaintiff's Motion was supported by a Statement of Material Facts, Affidavits, and a Memorandum of Law. Both Defendants filed timely objections to the Motion, together with a Statement of Facts and Memorandum of Law.

#### *Discussion*

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The Court views the record on summary judgment in the light most favorable to the

1. Diane Bergara was one of the original defendants in this action. Her motion to dismiss was granted by this Court on September 20, 1993.

nonmovant. *United States v. Parcel of Land,* 914 F.2d 1, 2 (1st Cir.1990). Summary judgment is inappropriate where "there is a dispute 'over facts that might affect the outcome of the suit.' " *Menard v. First Sec. Serv. Corp.,* 848 F.2d 281, 285 (1st Cir.1988) (quoting *Anderson v. Liberty Lobby,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)).

### Findings of Fact

For purposes of this Motion for Summary Judgment, I recommend the Court find the facts to be as follows. Plaintiff State Farm issued an automobile insurance policy to Defendant Lucca covering the period June 8, 1990 to December 8, 1990. On October 17, 1990, Defendants Charton and Bergara went to Defendant Lucca's home to pick up Bergara's son. Defendant Lucca protested and followed Defendant Charton and Bergara in his car. The pursuit evolved into a chase, during which both cars reached speeds in excess of 80 miles per hour.

The cars were involved in two separate collisions during the chase; first, when Defendant Lucca sideswiped Defendant Charton in an effort to make him pull over, and second, when Defendant Lucca attempted to pass Defendant Charton on the right as Defendant Charton was making a right turn. Defendant Lucca was subsequently convicted on pleas of guilty of speeding and driving to endanger as a result of the incident.

Defendant Charton claimed property damage to his car, as well as personal injury, as a result of the two collisions. These claims were initially raised with Defendant Lucca by Nationwide Insurance Company ["NATIONWIDE"], Defendant Charton's insurer. Despite repeated contact with a collection agency on behalf of Nationwide, Defendant Lucca did not pay any money to Defendant Charton. Nor did he notify State Farm of the pending claim.

Sometime during 1991, Defendant Lucca was contacted by an attorney working on behalf of Defendant Charton's claim. Defendant Lucca disregarded the attorney's letter, and again failed to notify State Farm of the claim.

Finally, on November 20, 1991, Defendant Charton filed suit in the Aroostook County Superior Court, Civil Number CV–91–270, which suit is currently pending. State Farm was not notified of the lawsuit until August, 1992, when Defendant Lucca's attorney forwarded a copy of the complaint to State Farm.

### Notice

Plaintiff claims that it is relieved of its duties under the policy by virtue of Defendant Lucca's failure to provide reasonable notice of the claims against him. The insurance policy provides:

> The insured must give us or one of our agents written notice of the accident or loss as soon as reasonably possible. . . .

Defendants do not dispute that Defendant Lucca did not comply with this notice provision when he failed to provide notice until 22 months after the incident. Having plead guilty to two traffic violations issued as a result of the incident, and having received notice of Defendant Charton's claims from an insurance company, a collection agency, an attorney, and a complaint filed in Aroostook County Superior Court, Defendant Lucca could not seriously argue that he provided reasonable notice.

Defendant Charton argues, however, that the failure to provide notice does not relieve State Farm in this case because they were not prejudiced by the failure, as required under Maine Law. *Ouellette v. Maine Bonding & Casualty,* 495 A.2d 1232, 1235 (Me. 1985). The burden of showing such prejudice is State Farm's. *Id.*

State Farm urges that it was prejudiced because it was unable to obtain an independent medical examination of Defendant Charton close to the time of the accident, and it had no opportunity to examine the cars, or to interview witnesses while their memories were fresh. While conceding that the question of prejudice is "generally to be left to the trier of fact," *West Bay Exploration v. AIG Specialty Agencies,* 915 F.2d 1030, 1037 (6th Cir.1990), Plaintiff argues that "the facts [in this case] are so clear" the question becomes one of law. *Id.*

Defendant Lucca makes no attempt to argue that Plaintiff has not been prejudiced. While Defendant Charton argues that Plaintiff's evidence is insufficient to find prejudice as a matter of law, he offers no evidence that Plaintiff was not prejudiced. The law in this state is clear that a defendant is obligated to counter a plaintiff's evidence of prejudice with competent evidence of his own. *Home Ins. Co. v. Horace Mann Ins. Co.*, 603 A.2d 860, 861 (Me.1992). In *Home Ins.*, the Maine Law Court stated:

> Home has presented no sworn evidence to contradict the evidence of prejudice from the late notice presented by Horace Mann in support of its motion for summary judgment. Home "has not set forth by affidavit, deposition, or other sworn evidence any 'specific facts showing there is a genuine issue'" on the prejudice question. *Dugan v. Martel*, 588 A.2d 744, 747 (Me.1991). On this record, it is beyond dispute that Horace Mann was prejudiced by the three-year delay by Home . . . in giving it notice. The late notice prevented Horace Mann from promptly investigating the accident and potential third party liability and from obtaining an independent medical evaluation of Shibles at critical stages.

*Id.* While the Court is sympathetic with Defendant Charton's argument that there may have been other avenues by which Plaintiff could mount an adequate defense, the *potential* for those other avenues does not satisfy the legal standard under which we operate.[2] On this record, the Court should grant Summary Judgment to Plaintiff on the issue of reasonable notice.

### Reach and Apply

Both Defendants seek to oppose this Motion for Summary Judgment on the grounds that Maine's "Reach and Apply" statute prevents Plaintiff from utilizing its contract defense to avoid its duties under the policy. As a preliminary matter, Defendant Lucca would not have standing to invoke the "Reach and Apply" statute, as he is the insured, and not an injured third-party. *See*

*Associated Hosp. Serv. of Maine v. Maine Bonding & Casualty*, 476 A.2d 189 (Me.1984) (holding that judgment against the insured is a condition precedent to injured party's right to bring reach and apply action against insurer). His argument appears to be that the "Reach and Apply" statute constitutes a basis upon which State Farm may have to pay sufficient to require it to also provide a defense.

We find this argument to be unpersuasive. The duty to defend arises from factual allegations in the underlying complaint which appear to bring the action within the policy coverage. *Marston v. Merchants Mutual Ins.*, 319 A.2d 111, 114 (Me.1974). In *Marston*, the Court specifically noted that an insurer

> who had reasonable notice of the pendency of an action by the injured person against the insured and was requested to assume its defense but declined to do so electing to disclaim coverage, is bound by the judgment in that action as to issues which were or might have been litigated therein in a subsequent suit by the injured person for recourse to the policy. *Howe v. Howe*, 87 N.H. 338, 179 A. 362 (1935).

*Id. Marston* itself was a reach and apply action. *Id.* at 113. The mere fact that a reach and apply action may allow an injured party to recover from the insurer does not mean that the insurer's duty to defend arises even when the insured's breach of the insurance contract voids the policy as to him.

Defendant Charton, on the other hand, would appear to have standing to bring a reach and apply action should he prevail in the underlying state action. The statute provides:

> Whenever any person, administrator, executor, guardian, recovers a final judgment against any other person for any loss or damage specified in section 2903, the judgment creditor shall be entitled to have the insurance money applied to the satisfaction of the judgment by bringing a civil action,

---

**2.** We are mindful that Defendant Charton should not be forced to collect the evidence which would support State Farm's defense of Defendant Lucca in the underlying action. However, if the police officer took photographs at the scene of the accident, or statements of witnesses, surely those were readily available for Defendant Charton's use in opposing this Motion.

in his own name, against the insurer to reach and apply the insurance money, if when the right of action accrued, the judgment debtor was insured against such liability and if before the recovery of the judgment the insurer had had notice of such accident, injury or damage. The insurer shall have the right to invoke the defenses described in this section in the proceedings....

24–A M.R.S.A. § 2904. A "right of action" accrues when "such loss or damage, for which the insured is responsible, occurs." 24–A M.R.S.A. § 2903. The defenses provided to insurers by the statute are exclusive, *Michaud v. Mutual Fire, Marine & Inland Ins.*, 505 A.2d 786, 789 (Me.1986), and do not include lack of notice. To the contrary, the statute explicitly provides that the insurer must only have received notice "before the recovery of judgment." 24–A M.R.S.A. § 2904.

This analysis leads to the conclusion that summary judgment should not be entered for Plaintiff as to Defendant Charton. Further, the Court is inclined to recommend that summary judgment be entered in favor of Defendant Charton, but he has not so moved. The Court may grant summary judgment sua sponte only with notice to Plaintiff to present any pertinent evidence on its behalf. *Eg., Donate–Romero v. Colorado*, 856 F.2d 384 (1st Cir.1988). Accordingly, I recommend the Court order Plaintiff to present such evidence within 20 days, failing which I recommend the Court enter summary judgment, sua sponte, in favor of Defendant Charton.

### Conclusion

Accordingly, I recommend that the Court *GRANT* Plaintiff's Motion for Summary Judgment as to Defendant Lucca, and *DENY* the Motion as to Defendant Charton. I further recommend the Court *ORDER* Plaintiff to come forward with evidence relating to the Maine "Reach and Apply" statute, 24–A M.R.S.A. § 2904, within 20 days, failing which I recommend the Court enter summary judgment on behalf of Defendant Charton.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) (1988) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

Dated in Bangor, Maine on October 7, 1993.