**NORTHLAND INSURANCE COMPANIES, Plaintiff,**

v.

**COCONUT ISLAND CORPORATION, d/b/a Bernard House, Neil L. Weinstein, and Patricia Costos, Defendants.**

Civil No. 96–261–P–C.

United States District Court,
D. Maine.

April 10, 1997.

George W. Beals, Beals & Quinn, Portland, for Plaintiff.

Jeffrey Rosenblatt, David J. Van Dyke, Berman & Simmons, Lewiston, for Deft. Coconut Island & Neal L. Weinstein.

Thimi R. Mina, Hurley & Mina, Portland, for Deft. Patricia Costos.

### MEMORANDUM OF DECISION AND ORDER

GENE CARTER, District Judge.

In this declaratory judgment action, Plaintiff Northland Insurance Companies ("Northland"), seeks construction of a commercial insurance policy issued to Defendants Neil L. Weinstein and Coconut Island Corporation d/b/a Bernard House in light of allegations raised by Defendant Patricia Costos in a tort action brought by her in this Court. Before the Court now are cross-motions for summary judgment (Docket Nos. 18 and 20).

### I. FACTS

The summary judgment record reveals the following undisputed facts. Northland provided Coconut Island Corp. with commercial liability insurance coverage from December 7, 1992, through December 7, 1993. As of July 29, 1993, the policy was amended to include Neal L. Weinstein as a named insured. *See* Endorsement to Insurance Policy. Mr. Weinstein, at all pertinent times, was the president and sole shareholder of Coconut Island. Defendants Mr. Weinstein and Coconut Island owned and operated the Bernard House, renting rooms to the public.

In her lawsuit against Mr. Weinstein and Coconut Island, Ms. Costos alleges that on or about August 14, 1993, while she was lawfully on the premises as a guest at the Bernard House, one Charles Bonney, an employee of Coconut Island and the manager of Bernard House, without her consent, entered her room with a master key and sexually assaulted her, resulting in injuries. Plaintiff's Second Amended Complaint ¶ 3. In Counts I and II of her Complaint, Ms. Costos alleges that Defendants Coconut Island and Mr. Weinstein were negligent in failing to maintain adequate security on the premises and in hiring and supervising Mr. Bonney. Counts III and IV of her Complaint allege that Defendants Coconut Island and Mr. Weinstein are vicariously liable for assault and battery and the intentional infliction of emotional distress committed by Mr. Bonney.

Defendants Coconut Island and Mr. Weinstein have demanded that Plaintiff Northland appear, defend, and indemnify them in the Costos lawsuit. In response to its insureds' demand, Northland has provided a defense under a reservation of rights, pending determination of the coverage issues presented by the instant action.

### II. DISCUSSION

Summary judgment has a special niche in civil litigation. Its "role is to pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required." *Wynne v. Tufts Univ. Sch. of Med.,* 976 F.2d 791, 794 (1st Cir.1992), *cert. denied,* 507 U.S. 1030, 113 S.Ct. 1845, 123 L.Ed.2d 470 (1993). Summary judgment is appropriate in the absence of a genuine issue of material fact and when the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). An issue is genuine for these purposes if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A material fact is one that has "the potential to affect the outcome of the suit under applicable law." *Nereida–Gonzalez v. Tirado–Delgado,* 990 F.2d 701, 703 (1st Cir.1993). The Court views the record in the light most favorable to the nonmoving party. *See McCarthy v. Northwest Airlines, Inc.,* 56 F.3d 313, 315 (1st Cir.1995).

Generally, liability insurance entitles an insured to protection from the costs of defending any lawsuit that could fall within coverage offered by the policy, and protection from being required to pay the damages for any acts that fall within the terms of the policy. It is well-settled under Maine law that an insurance company's duty to defend an action against its insured is determined solely by comparing the allegations which have been asserted in the complaint and associated pleadings against the insured with the specific language of the insurance policy at issue. *See e.g., Maine Bonding & Casualty Co. v. Douglas Dynamics Inc.,* 594 A.2d 1079, 1080 (Me.1991)

■ In this action based upon diversity jurisdiction, the Court applies Maine law. *See State Farm Mut. Auto. Ins. Co. v. Lucca,* 838 F.Supp. 670, 671 (D.Me.1993). Count III of the underlying tort action alleges injury resulting from the sexual assault. The liability insurance policy at issue provides, *inter alia,* coverage for "bodily injury . . . caused by an occurrence." Policy at I(1)(b). Bodily injury is defined as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." Policy at V(3). The bodily injuries that result from a sexual assault would come within the policy's liability coverage except that the policy also provides an exclusion for "bodily injury" that arises "out of an assault and battery, or out of any act or omission in connection with the prevention or suppression of an assault and battery." Policy at I(A)(a)(1) and (2) (amended). Whatever bodily injuries Ms. Costos sustained as a result of the attack and sexual assault are not covered under the Northland insurance policy because of the stated exclusion for "assault and battery."

■ All other claims in the Costos Complaint, are for what the insurance policy defines as personal injuries. "Personal injury" is defined as an "injury, other than 'bodily injury,' arising out of . . . wrongful entry into, or invasion of the right of private occupancy of[,] a room, dwelling or premises that a person occupies by or on behalf of its owner, landlord or lessor." Policy at V(10)(c). Because all of the remaining claims in the Costos Complaint—negligence (Count I), negligent hiring and supervision (Count II), and intentional infliction of emotional distress (Count IV)—are for some type of "personal injury," as that term is defined by the applicable policy language, the policy affords no coverage of Ms. Costos's claims. The record clearly reflects that although mentioned throughout the policy, coverage for this type of "personal injury" was not requested, nor was a premium paid for such coverage, by the insured. See Policy Commercial General Liability, Coverage Part Declarations, Limits of Insurance, a copy of which is attached hereto as appendix A. Accordingly, the Court finds that Northland has no duty under the policy to defend Coconut Island Corporation or Mr. Weinstein in the lawsuit brought by Costos.[1] There being no duty to defend, the Court also concludes that there can be no duty on the part of Northland to indemnify Coconut Island or Weinstein for any liability that may be incurred as a result of the Costos lawsuit. *See Northern Sec. Ins. Co. v. Dolley,* 669 A.2d 1320, 1322 (Me.1996) ("duty to indemnify is merely a subset of larger sphere of actions for which there is a duty to defend"); *State Mut. Ins. Co. v. Bragg,* 589 A.2d 35, 36 (Me.1991)("the duty to defend is broader than the duty to indemnify"); *American Policyholders' Ins. Co. v. Cumberland Cold Storage Co.,* 373 A.2d 247, 250 (Me.1977) ("Courts have frequently observed that the duty to defend is broader than the duty to pay or indemnify." (citing cases)).[2]

Accordingly, it is hereby *ORDERED* that Plaintiff Northland Insurance Companies' Motion for Summary Judgment be, and it is hereby, GRANTED. It is further *OR-DERED* that Defendants Coconut Island Corp. and Neil L. Weinstein's Motion for Summary Judgment be, and it is hereby, *DENIED.*

---

1. The resolution of the issues under the "bodily injury" and "personal injury" provisions of the policy make it unnecessary for the Court to reach Northland's alternative argument regarding whether timely notice of a claim was given under the policy.

2. Ms. Costos has filed written memoranda stating that "any ruling on the coverage issue is premature as to her." Citing the "reach and apply" statute, 24–A M.R.S.A § 2904, Defendant Costos notes that her ability to proceed against Northland is predicated solely upon her obtaining a judgment against the insureds. Defendant Costos also acknowledges that this Court may determine in this declaratory judgment action the rights and liabilities of the insurer and its insureds. However, Defendant Costos argues that the Court cannot bind her to an interpretation of the insurance policy.

Ms. Costos was named as a defendant in this declaratory judgment action under 14 M.R.S.A. § 5962, which requires that "all persons shall be made parties who have or claim any interest which would be affected by the declaration." She has had every opportunity to be heard on the insurance coverage issue and has chosen not to raise any substantive objections to Plaintiff's Motion for Summary Judgment.

APPENDIX A

**Northland**
Insurance Companies

Effective Date: * 12/07/92

NAMED INSURED: Coconut Island, Inc.

34 - COMMERCIAL GENERAL LIABILITY
COVERAGE PART DECLARATIONS
12:01 A.M. STANDARD TIME AT YOUR MAILING ADDRESS

Policy No: **CPP** 33934
Debit _____% Credit_____%

☐ Supplemental Declarations is Attached

**LIMITS OF INSURANCE**

| | |
|---|---|
| General Aggregate Limit (Other Than Products-Completed Operations) | $ 500,000 |
| Products-Completed Operations Aggregate Limit | $ not covered |
| Personal and Advertising Injury Limit | $ not covered |
| Each Occurrence Limit | $ 500,000 |
| Fire Damage Limit | $ not covered   Any One Fire |
| Medical Expense Limit | $ not covered   Any One Person |

**RETROACTIVE DATE (CG 00 02 Only)**

Coverage A of this insurance does not apply to "bodily injury" or "property damage" which occurs before the Retroactive Date, if any, shown here: _____none_____

(Enter Date or "None" if no Retroactive Date applies)

**BUSINESS INFORMATION**

Form of Business: ☐ Individual ☐ Joint Venture ☐ Partnership ☒ Organization (Other than Partnership or Joint Venture)

Location(s) (Including Zip Code) of All Premises you Own, Rent or Occupy (Enter "Same" if same location as your mailing address):
1 Kinney Avenue, Old Orchard Beach, ME 04064          UL: 1,0,4,0,6,4,

Your Interest in Such Premises: ☒ Owner   ☐ Lessee   ☐ Tenant   ☐ Other:   "pe/ops"

**PREMIUM**

| Classification | Code No. | Premium Basis (Defined on Reverse) | Rate Pr/Co | All Other | Advance Premium Pr/Co | All Other |
|---|---|---|---|---|---|---|
| Seasonal Inn | 45192 | a) 28,000 | — | 49.82 | $ — | $ 1,395. |

Hotels or Motels ....

| | |
|---|---|
| (a) Area  (s) Gross Sales | |
| (c) Total Cost  (u) Units | |
| (m) Admissions  (o) Other-Define | |
| (p) Payroll | Total Advance Premium  $          $ 1,395. |

**FORMS AND ENDORSEMENTS** (other than applicable Forms and Endorsements shown elsewhere in this policy)

Forms and endorsements applying to this Coverage Part and made a part of this policy at time of issue:
GG0001(11/88); S267GG(R8/91); S291(R8/91); S21GG(R4/91); IL0913/H0306;

* Entry optional if shown in Common Policy Declarations   Date Received:        State: 19   Territory: 001

| U/W | COV | INFORCE | DED | LIMIT | EXPOSURE | BUREAU | UC |
|---|---|---|---|---|---|---|---|
| 55,100. | 051 | 1395 | 250 | 0500/0500/A0601 | 28 | 45192 | 3030 |

THESE DECLARATIONS AND THE COMMON POLICY DECLARATIONS, IF APPLICABLE, TOGETHER WITH THE COMMON POLICY CONDITIONS, COVERAGE FORM(S) AND FORMS AND ENDORSEMENTS, IF ANY, ISSUED TO FORM A PART THEREOF, COMPLETE THE ABOVE NUMBERED POLICY

Includes copyrighted material of Insurance Services Office, Inc., with its permission   Copyright, Insurance Services Office, Inc. 1985